IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERIC PAUL MINDA,

    Petitioner,

V.                                      Civ. Action No.: 1:15–CV–123
                                          (JUDGE KEELEY)

DAVID BALLARD, WARDEN,

    Respondent.

## **REPORT AND RECOMMENDATIONS**

### I. INTRODUCTION

On July 27, 2015, Eric Paul Minda ("Minda" or "Petitioner") filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. ECF No. 1. In his Petition, the *pro se* Petitioner asserts that he received ineffective assistance of counsel; the sentence he received violated the Eighth and Fourteenth Amendments; and the trial court prevented him from making a complete defense when it refused to instruct the jury on diminished capacity.

The undersigned entered a Report and Recommendations on March 4, 2016, that [ECF No. 35] Petitioner's Motion for an abeyance be denied; [ECF No. 36] Respondent's Motion to Dismiss for failure to Exhaust State Court Remedies be granted; and [ECF No. 37] Petitioner's Motion for Disposition of Respondent's Motion to Dismiss be denied as moot; and the Petitioner's § 2254 Petition be denied without prejudice. ECF No. 38.

On March 17, 2016, the Petitioner filed Objections to the Report and Recommendations. ECF No. 40. On April 21, 2016, the District Court entered an Order Remanding the Case to the Magistrate Judge for an evidentiary hearing. ECF No. 41. The

undersigned held an evidentiary hearing on June 6, 2016. ECF No. 58.

At the hearing, The Respondent was represented by Gilbert Dickey, Esq., of the West Virginia Attorney General's Office. Petitioner was present, in person, and by counsel, Assistant Federal Public Defender Brendan S. Leary, Esq.

## II. BACKGROUND

### A. PETITIONER'S CONVICTION AND SENTENCE

Petitioner was convicted in the Circuit Court of Ohio County of Robbery in the First Degree and Felon in Possession of a Firearm. A jury found Petitioner guilty on March 26, 2003, and he was sentenced on May 19, 2003. The trial judge sentenced Petitioner to ninety years imprisonment for the robbery conviction and five years imprisonment for being a felon in possession of a firearm. The trial judge also ordered the sentences to run consecutively, so Petitioner's total sentence is ninety-five years imprisonment.

### B. PETITIONER'S DIRECT APPEAL

On June 30, 2004, Petitioner filed a notice of intent to appeal. On February 9, 2005, the West Virginia Supreme Court of Appeals ("WVSCA") entered an order refusing Minda's appeal. *Minda v. Ballard*, No. 14–0334, 2015 WL 1235229, at *1 (W. Va. Mar. 16, 2015).

### C. PETITIONER'S STATE HABEAS PETITIONS

In December of 2005, the petitioner filed a *pro se* petition for writ of habeas corpus with the Circuit Court of Ohio County. Petitioner also filed a motion for appointment of counsel, among other motions. *Id.* In March of 2006, the circuit court summarily denied Minda's habeas corpus petition.

Petitioner appealed the circuit court's decision to the WVSCA, and on December 6, 2006, it found for Petitioner and remanded the matter to the circuit court for a omnibus

evidentiary hearing. *Id.* The circuit court appointed counsel, and an amended petition was filed. However, before the omnibus hearing was held, the circuit court dismissed Petitioner's first ground raised in his habeas petition. In February of 2010, the circuit court held a hearing on the remaining grounds raised in Minda's amended petition. *Id.* The circuit court entered an order in January of 2012 denying Minda's Petition.

Petitioner appealed the circuit court's decision again, in April of 2013, and the WVSCA again ruled in his favor. *Id.* Specifically, the WVSCA ordered the circuit court to hold an omnibus hearing on all of the issues Minda raised in his amended petition "and to reexamine petitioner's claim of ineffective assistance of counsel in light of the Supreme Court of the United States' decision in *Lafler v. Cooper*, 132 S.Ct. 1376 (2012). *Id.*

The circuit court then held a second omnibus evidentiary hearing in December 2013, and on February 24, 2014, it again denied Minda's petition for habeas corpus. Petitioner appealed to the WVSCA, and it affirmed the circuit court's decision. *Id.* at *2.

### D. *PETITIONER'S POST-CONVICTION MOTION TO CORRECT AN ILLEGAL SENTENCE*

On October 31, 2014, Petitioner filed a motion to correct an illegal sentence in the Circuit Court of Ohio County. According to the docket sheet, Minda filed a second motion to correct an illegal sentence on July 27, 2015. The circuit court entered an Order on September 27, 2015, denying Petitioner's motion to correct an illegal sentence. Thereafter, Minda filed a notice of appeal on October 19, 2015, and that appeal is currently pending before the WVSCA.

### E. *PETITIONER'S FEDERAL HABEAS PETITION*

On July 27, 2015, Petitioner filed the instant federal habeas petition. ECF No. 1. In the Petition, Minda asserts that he received ineffective assistance of counsel; his sentence

violates the Eighth and Fourteenth Amendments; and the trial court prevented Petitioner from making a complete defense when it refused to instruct the jury on diminished capacity. In support of his claim, Petitioner asserts that his trial lawyer did not involve him in plea negotiations or adequately represent him. Petitioner also claims that his sentence is excessive and in violation of equal protection under the Eighth and Fourteenth Amendments. Finally, Petitioner argues that the trial court erred by not instructing the jury on diminished capacity as a defense because robbery is a specific intent crime.

### F. *THE RESPONDENT'S MOTION TO DISMISS*

In the motion to dismiss, Respondent argues that the Petition should be dismissed for Petitioner's failure to exhaust available state court remedies. Specifically, Respondent asserts that Petitioner currently has an appeal pending before the WVSCA and has essentially admitted that he has not exhausted all available state remedies in his motion for an abeyance. Accordingly, Respondent argues that "the best course of action would be to dismiss the Petition entirely until such time as a proper petition could be filed." ECF No. 36 at 2.

### G. *THE PETITIONER'S MOTION FOR DISPOSITION OF RESPONDENT'S MOTION*

Petitioner asks this Court to "deny Respondent's Motion to Dismiss as too draconian, and grant the requested Stay and Abeyance Order." In support of his position, Petitioner argues that "most of [his] claims for relief in the § 2254 petition are exhausted." ECF No. 37 at 4.

### III. ANALYSIS

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. *See* 28 U.S.C. § 2254(b). Therefore, a petition for writ of habeas corpus should

not be entertained unless the petitioner has first exhausted his state remedies. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Castille v. Peoples*, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). Concerns of comity dictate that the State must first be afforded a full and fair opportunity to pass upon and correct the alleged violation of its prisoners' federal rights. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see also Footman v. Singletary*, 978 F.2d 1207, 1210–11 (11th Cir. 1992) (finding that comity requires that the State be given the first opportunity to address and resolve the merits of an inmate's claims). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), *cert. denied*, 522 U.S. 833 (1997).

"A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." *Id.* at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. at 32; *see also Howell v. Mississippi*, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. *See Moore v. Kirby*, 879 F.Supp. 592, 593 (S.D. W.Va. 1995); *see also Bayerle v. Godwin*, 825 F.Supp. 113, 114 (N.D. W.Va. 1993). A federal court may only consider those

5

issues the petitioner presented to the state court, and "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

It is Petitioner's burden to demonstrate that he has exhausted his state judicial remedies. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998), *cert. denied*, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." *Id.* "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution."

Here, Petitioner has an appeal pending before the WVSCA that includes, as he admits, at least one issue raised in his Petition before this Court. As a result of the more detailed filings by the Respondent and the evidentiary hearing, the undersigned agrees with Respondent that "Petitioner has failed to fairly present at least his equal protection challenge to his sentence for robbery and his federal challenge to the state trial court's refusal to provide a jury instruction about voluntary intoxication to the [WVSCA]. And Petitioner has not yet exhausted his double jeopardy, jury trial right, or due process challenges to his conviction for illegal possession of a firearm." ECF No. 50 at 2.

Therefore, the undersigned finds that Petitioner's claims are not entirely exhausted as he still has a remedy available in State court. Thus, it is inappropriate for this Court to entertain Petitioner's federal habeas petition at this time, and it should be dismissed. *See Younger v. Harris*, 401 U.S. 37, 43–44 (1971); *Butler v. Alabama Judicial Inquiry Comm'n*,

245 F.3d 1257, 1261 (11th Cir. 2001) ("Younger and its progeny reflect the longstanding national public policy, based on principles of comity and federalism, of allowing state courts to try cases-already pending in state court-free from federal court interference.") (citation omitted).

## IV. RECOMMENDATION

Based on the foregoing, it is hereby recommended that [ECF No. 35] Petitioner's Motion for Leave to Hold the 2254 Writ of Habeas Corpus in Abeyance be **DENIED**; [ECF No. 36] Respondent's Motion to Dismiss be **GRANTED**; [ECF No. 37] Petitioner's Motion for Disposition of Respondent's Motion to Dismiss be **DENIED AS MOOT**; and the Petitioner's § 2254 Petition be **DISMISSED WITHOUT PREJUDICE** to the petitioner's right to renew the same following the proper exhaustion of state remedies.[1]

Any party may, within fourteen (14) days of the filing of this Recommendation, file with the Clerk of Court written objections identifying those portions of the Recommendation to which objection is made and the basis for such objections.

A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to this Recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the

---

[1] Petitioner should be aware that immediately upon issuance of the West Virginia Supreme Court of Appeals' decision, tolling under AEDPA will cease, and the clock will resume. Accordingly, the Petitioner will have a very limited amount of time to re-file his Petition, as a significant portion of the one-year limit has run.

*pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further **DIRECTED** to provide copies of this Report and Recommendation to counsel of record via electronic means.

DATED: June 17, 2016 /s/ *James E. Seibert*
JAMES E. SEIBERT
U.S. MAGISTRATE JUDGE