IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ERIC PAUL MINDA,

                Petitioner,

v.                          //   CIVIL ACTION NO. 1:15CV123
                                     (Judge Keeley)

DAVID BALLARD, Warden,

                Respondent.


**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN
PART THE REPORT AND RECOMMENDATION [DKT. NO. 61],
DENYING THE PETITIONER'S MOTION FOR DISPOSITION [DKT. NO. 37] AND
MOTION TO HOLD THE PETITION IN ABEYANCE [DKT. NO. 35],
DENYING THE RESPONDENT'S MOTION TO DISMISS [DKT. NO. 36],
GRANTING THE RESPONDENT'S MOTION TO FILE SUPPLEMENTAL EXHIBITS
[DKT. NO. 52], AND DIRECTING THE PETITIONER TO ADVISE THE COURT
HOW HE INTENDS TO PROCEED**

        Pending before the Court is the Petition Under 28 U.S.C. §
2254 for Writ of Habeas Corpus by a Person in State Custody (Dkt.
No. 1) filed by the petitioner, Eric Paul Minda ("Minda"). Also
pending is the Report and Recommendation ("R&R") of the Honorable
James E. Seibert, United States Magistrate Judge, recommending that
the Court dismiss Minda's § 2254 petition (Dkt. No. 61). The
questions presented are whether Minda has exhausted all of the
claims in his petition, and, if he has not, whether the Court
should dismiss the petition or stay the case. For the reasons that
follow, the Court **ADOPTS IN PART** and **REJECTS IN PART** the R&R,
**DENIES** the petitioner's motion for disposition and motion to hold
the petition in abeyance, **DENIES** the respondent's motion to

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [DKT. NO. 61], DENYING THE PETITIONER'S MOTION FOR DISPOSITION [DKT. NO. 37] AND MOTION TO HOLD THE PETITION IN ABEYANCE [DKT. NO. 35], DENYING THE RESPONDENT'S MOTION TO DISMISS [DKT. NO. 36], GRANTING THE RESPONDENT'S MOTION TO FILE SUPPLEMENTAL EXHIBITS [DKT. NO. 52], AND DIRECTING THE PETITIONER TO ADVISE THE COURT HOW HE INTENDS TO PROCEED**

dismiss, **GRANTS** the respondent's motion to file supplemental exhibits, and **DIRECTS** the petitioner to notify it, within 14 days, how he intends to proceed.

<u>BACKGROUND</u>

On March 26, 2003, a jury in the Circuit Court of Ohio County, West Virginia, convicted Minda of first degree robbery and also of being a felon in possession of a firearm (Dkt. No. 16 at 1). The court sentenced Minda to consecutive sentences of 90 years of imprisonment for the robbery conviction, and 5 years of imprisonment for being a felon in possession of a firearm. <u>Id.</u> at 1-2. Minda appealed his convictions to the Supreme Court of Appeals of West Virginia ("the Supreme Court of Appeals"), which refused his appeal on February 9, 2005. <u>Id.</u> at 2.

On December 1, 2005, Minda filed a petition for writ of habeas corpus in the Circuit Court of Ohio County, <u>id.</u> at 3., which summarily denied the petition on March 22, 2006. <u>Id.</u> at 4. Minda appealed the circuit court's denial to the Supreme Court of Appeals, which granted the petition and remanded the case to the

2

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [DKT. NO. 61], DENYING THE PETITIONER'S MOTION FOR DISPOSITION [DKT. NO. 37] AND MOTION TO HOLD THE PETITION IN ABEYANCE [DKT. NO. 35], DENYING THE RESPONDENT'S MOTION TO DISMISS [DKT. NO. 36], GRANTING THE RESPONDENT'S MOTION TO FILE SUPPLEMENTAL EXHIBITS [DKT. NO. 52], AND DIRECTING THE PETITIONER TO ADVISE THE COURT HOW HE INTENDS TO PROCEED**

circuit court for an omnibus evidentiary hearing (Dkt. No. 38 at 2); see also Minda v. Ballard, No. 14-0334, 2015 WL 1235229, at *1 (W. Va. Mar. 16, 2015). The circuit court ultimately denied Minda habeas relief in January 2012. Id.

In April 2013, Minda appealed this decision to the Supreme Court of Appeals, which again remanded the case, directing the circuit court to hold an omnibus hearing on all of the issues in Minda's amended petition. Id. After holding a second omnibus hearing, the circuit court denied Minda habeas relief on February 24, 2014. Id. at 3. The Supreme Court of Appeals affirmed the circuit court's decision on March 16, 2015. Id.

Meanwhile, on October 31, 2014, Minda filed a motion to correct an illegal sentence in the Circuit Court of Ohio County. Id. Then, on July 27, 2015, he filed a second motion to correct an illegal sentence. Id. On September 27, 2015, the circuit court denied Minda's motion, a decision now currently under review at the Supreme Court of Appeals. Id.

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN
PART THE REPORT AND RECOMMENDATION [DKT. NO. 61],
DENYING THE PETITIONER'S MOTION FOR DISPOSITION [DKT. NO. 37] AND
MOTION TO HOLD THE PETITION IN ABEYANCE [DKT. NO. 35],
DENYING THE RESPONDENT'S MOTION TO DISMISS [DKT. NO. 36],
GRANTING THE RESPONDENT'S MOTION TO FILE SUPPLEMENTAL EXHIBITS
[DKT. NO. 52], AND DIRECTING THE PETITIONER TO ADVISE THE COURT
HOW HE INTENDS TO PROCEED**

---

Minda filed a habeas petition in this Court on July 27, 2015, asserting various grounds for relief (Dkt. No. 1). He first contends that he was denied meaningful and effective assistance of counsel during his trial. He next contends that his 90-year sentence for robbery violates the Eighth and Fourteenth Amendments to the United States Constitution, that the trial court prevented him from presenting a complete defense by failing to instruct the jury on diminished capacity, and that the trial court denied him due process and the meaningful assistance of counsel when it imposed a five-year sentence for being a felon in possession of a firearm (Dkt. No. 16 at 6, 8, 11; Dkt. No. 1 at 17).

On January 7, 2016, Minda moved to hold his petition in abeyance pending the decision of the Supreme Court of Appeals (Dkt. No. 35). In his motion, he acknowledges that some of his claims have not been exhausted, but argues that he has demonstrated the requisite good cause to obtain a stay because his previous attorneys failed to identify and present the appropriate issues to the circuit court. Id. at 9.

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN
PART THE REPORT AND RECOMMENDATION [DKT. NO. 61],
DENYING THE PETITIONER'S MOTION FOR DISPOSITION [DKT. NO. 37] AND
MOTION TO HOLD THE PETITION IN ABEYANCE [DKT. NO. 35],
DENYING THE RESPONDENT'S MOTION TO DISMISS [DKT. NO. 36],
GRANTING THE RESPONDENT'S MOTION TO FILE SUPPLEMENTAL EXHIBITS
[DKT. NO. 52], AND DIRECTING THE PETITIONER TO ADVISE THE COURT
HOW HE INTENDS TO PROCEED**

On January 11, 2016, the respondent, Warden David Ballard ("Ballard"), filed a motion to dismiss Minda's petition on the ground that Minda had not exhausted all of his claims in state court before filing his petition (Dkt. No. 36 at 1). While Ballard does not oppose a stay, he contends that the proper course of action would be to dismiss the petition entirely. Id. at 2.

On January 19, 2016, Minda filed a motion seeking denial of Ballard's motion to dismiss (Dkt. No. 37). He argues that the Court should deny Ballard's motion to dismiss "as too draconian" and grant his motion to stay. Id. at 5.

On March 4, 2016, Magistrate Judge Seibert issued an R&R, in which he recommended that the Court grant Ballard's motion to dismiss, deny Minda's motion to hold the petition in abeyance, and dismiss the petition without prejudice (Dkt. No. 38 at 6). The R&R concluded that Minda had failed to exhaust at least one of his claims, and recommended dismissal, finding it would be inappropriate for this Court to entertain the petition until after all claims were exhausted. Id. Minda objected to the R&R on March

5

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [DKT. NO. 61], DENYING THE PETITIONER'S MOTION FOR DISPOSITION [DKT. NO. 37] AND MOTION TO HOLD THE PETITION IN ABEYANCE [DKT. NO. 35], DENYING THE RESPONDENT'S MOTION TO DISMISS [DKT. NO. 36], GRANTING THE RESPONDENT'S MOTION TO FILE SUPPLEMENTAL EXHIBITS [DKT. NO. 52], AND DIRECTING THE PETITIONER TO ADVISE THE COURT HOW HE INTENDS TO PROCEED**

17, 2016, arguing that the Court should grant his motion for a stay because he has fairly presented the unexhausted issues in his petition to the state court (Dkt. No. 40).

On April 21, 2016, the Court found that the evidence of record was insufficient to determine whether Minda had in fact exhausted his claims, and remanded the case to Magistrate Judge Seibert for an evidentiary hearing (Dkt. No. 41). On June 6, 2016, Magistrate Judge Seibert held an evidentiary hearing, following which, on June 17, 2016, he filed a second R&R recommending that the Court dismiss Minda's petition for failure to exhaust (Dkt. No. 61). Minda objected, contending that he had exhausted most of his claims, and that a stay, rather than dismissal, is the appropriate remedy (Dkt. No. 65). The matter is fully briefed and ripe for disposition.

## STANDARD OF REVIEW

When reviewing a magistrate judge's report and recommendation made pursuant to 28 U.S.C. § 636, the court must review de novo only the portion to which an objection is timely made. 28 U.S.C. § 636(b)(1)(C). When no objections to the R&R are made, a magistrate

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [DKT. NO. 61], DENYING THE PETITIONER'S MOTION FOR DISPOSITION [DKT. NO. 37] AND MOTION TO HOLD THE PETITION IN ABEYANCE [DKT. NO. 35], DENYING THE RESPONDENT'S MOTION TO DISMISS [DKT. NO. 36], GRANTING THE RESPONDENT'S MOTION TO FILE SUPPLEMENTAL EXHIBITS [DKT. NO. 52], AND DIRECTING THE PETITIONER TO ADVISE THE COURT HOW HE INTENDS TO PROCEED**

judge's findings and recommendation will be upheld unless they are "clearly erroneous." See Webb v. Califano, 468 F. Supp. 825, 828 (E.D. Cal. 1979). Because Minda objected to the conclusions in the R&R, the Court will review the same de novo.

## LEGAL STANDARD

Title 28 U.S.C. § 2254 permits a state prisoner to file an application for a writ of habeas corpus to challenge his conviction "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Importantly, district courts may only entertain such a writ if the applicant has exhausted all available state remedies. Id. § 2254(b)(1)(A). Prisoners have not exhausted their state remedies if they have "the right under the law of the State to raise, by any available procedure, the question presented." Id. § 2254(c). It is the prisoner's burden to demonstrate that he has exhausted his state judicial remedies. Beard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). The exhaustion rule in § 2254(b), (c) requires district courts to dismiss so-called "mixed petitions"

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN
PART THE REPORT AND RECOMMENDATION [DKT. NO. 61],
DENYING THE PETITIONER'S MOTION FOR DISPOSITION [DKT. NO. 37] AND
MOTION TO HOLD THE PETITION IN ABEYANCE [DKT. NO. 35],
DENYING THE RESPONDENT'S MOTION TO DISMISS [DKT. NO. 36],
GRANTING THE RESPONDENT'S MOTION TO FILE SUPPLEMENTAL EXHIBITS
[DKT. NO. 52], AND DIRECTING THE PETITIONER TO ADVISE THE COURT
HOW HE INTENDS TO PROCEED**

---

containing any unexhausted claims. Rose v. Lundy, 455 U.S. 509,
520-22 (1982). Prisoners may then resubmit petitions with only
exhausted claims, or exhaust the remainder of their claims before
filing another petition. Id. at 520.

In 1996, Congress enacted the Antiterrorism and Effective
Death Penalty Act ("AEDPA"), which changed the landscape of federal
habeas law. See Rhines v. Weber, 544 U.S. 269, 272 (2005). Under
the AEDPA, prisoners must file suit within one year of the judgment
of the state court. 28 U.S.C. § 2255(d)(1). That time period begins
to run from the date when the state judgment became final "by the
conclusion of direct review or the expiration of the time for
seeking such review," see id., but is tolled for the pendency of
any state post-conviction proceedings. Id. § 2244(d)(2).
Importantly, a prisoner cannot toll the one-year limitation period
under the AEDPA by filing a federal habeas petition. Duncan v.
Walker, 533 U.S. 167, 172 (2001).

To remedy the potentially harsh consequences that arise when
prisoners file mixed § 2254 petitions near the one-year deadline,

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN
PART THE REPORT AND RECOMMENDATION [DKT. NO. 61],
DENYING THE PETITIONER'S MOTION FOR DISPOSITION [DKT. NO. 37] AND
MOTION TO HOLD THE PETITION IN ABEYANCE [DKT. NO. 35],
DENYING THE RESPONDENT'S MOTION TO DISMISS [DKT. NO. 36],
GRANTING THE RESPONDENT'S MOTION TO FILE SUPPLEMENTAL EXHIBITS
[DKT. NO. 52], AND DIRECTING THE PETITIONER TO ADVISE THE COURT
HOW HE INTENDS TO PROCEED**

district courts have discretion to grant a stay and abeyance. <u>Rhines</u>, 544 U.S. at 277. This allows prisoners to pursue any unexhausted claims in state court and return to the district court to prosecute their § 2254 petitions. <u>See</u> <u>id.</u> The Supreme Court of the United States has cautioned, however, that stays are to be granted "in limited circumstances," so as not to frustrate the AEDPA's objectives of achieving finality and streamlining federal habeas proceedings. <u>Id.</u> The prisoner must show "good cause" for his failure to exhaust his claims in state court; furthermore, his claims must not be "plainly meritless." <u>Id.</u> The district court must structure any stay to comport with the timeliness concerns reflected in AEDPA. <u>Id.</u> Finally, the district court must not grant a prisoner a stay if he engages in "abusive litigation tactics or intentional delay." <u>Id.</u> at 278.

In the event that the Court decides a stay and abeyance is inappropriate, it must allow the prisoner to "delete the unexhausted claims and to proceed with the exhausted claims if

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [DKT. NO. 61], DENYING THE PETITIONER'S MOTION FOR DISPOSITION [DKT. NO. 37] AND MOTION TO HOLD THE PETITION IN ABEYANCE [DKT. NO. 35], DENYING THE RESPONDENT'S MOTION TO DISMISS [DKT. NO. 36], GRANTING THE RESPONDENT'S MOTION TO FILE SUPPLEMENTAL EXHIBITS [DKT. NO. 52], AND DIRECTING THE PETITIONER TO ADVISE THE COURT HOW HE INTENDS TO PROCEED**

dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id.

## LEGAL ANALYSIS

### I.   Exhaustion

In the R&R, Magistrate Judge Seibert found that Minda had failed to exhaust at least three of his claims (Dkt. No. 61 at 6). One of those unexhausted claims, Minda's fourth claim regarding his rights to due process and the effective assistance of counsel, is currently pending before the Supreme Court of Appeals (Dkt. No. 62 at 14–15).

In order to exhaust state remedies, a habeas petitioner must "fairly present" the substance of his claim to the state's highest court. Pethtel v. Ballard, 617 F.3d 299, 306 (4th Cir. 2010) (citing Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997)). Although the petitioner's claims "need not be identical," he "must present the substance of his federal habeas corpus claim." Id. (internal citations and quotation marks omitted). To present the substance of his claim, the petitioner must present the claim

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [DKT. NO. 61], DENYING THE PETITIONER'S MOTION FOR DISPOSITION [DKT. NO. 37] AND MOTION TO HOLD THE PETITION IN ABEYANCE [DKT. NO. 35], DENYING THE RESPONDENT'S MOTION TO DISMISS [DKT. NO. 36], GRANTING THE RESPONDENT'S MOTION TO FILE SUPPLEMENTAL EXHIBITS [DKT. NO. 52], AND DIRECTING THE PETITIONER TO ADVISE THE COURT HOW HE INTENDS TO PROCEED**

---

"face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Id. (citing Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994) (internal quotation marks omitted)). The petitioner must present both the operative facts and the controlling legal principles to the state court. Id. (citations omitted). The petitioner bears the burden of establishing that the claims he raised in the state proceedings are the same claims he is raising here. See Pritchess v. Davis, 421 U.S. 482, 487 (1975).

A.    **Claim One**

Minda first claims that he was denied "meaningful and effective" assistance of counsel at trial (Dkt. No. 16 at 6). Although conceding he did not raise this issue on direct appeal, he contends he included it in his post-conviction habeas petition in state court. Id. at 7; see United States v. King, 119 F.3d 290, 295 (4th Cir. 1997) ("[I]t is well settled that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [DKT. NO. 61], DENYING THE PETITIONER'S MOTION FOR DISPOSITION [DKT. NO. 37] AND MOTION TO HOLD THE PETITION IN ABEYANCE [DKT. NO. 35], DENYING THE RESPONDENT'S MOTION TO DISMISS [DKT. NO. 36], GRANTING THE RESPONDENT'S MOTION TO FILE SUPPLEMENTAL EXHIBITS [DKT. NO. 52], AND DIRECTING THE PETITIONER TO ADVISE THE COURT HOW HE INTENDS TO PROCEED**

conclusively shows ineffective assistance." (internal citations and quotation marks omitted)). After the circuit court denied his habeas petition, Minda appealed that denial and raised this issue on appeal. Id.; see Minda v. Ballard, No. 14-0334, 2015 WL 1235229, at *4 (W. Va. Mar. 16, 2015). At the evidentiary hearing, the parties agreed that Minda had exhausted this claim (Dkt. No. 62 at 6, 18). The Court therefore concludes that Minda properly exhausted his first claim by pursuing it in the circuit court and the Supreme Court of Appeals.

**B. Claim Two**

Minda next claims that his 90-year sentence for robbery violates the Eighth and Fourteenth Amendments to the United States Constitution (Dkt. No. 16 at 8). He alleges that he raised this issue on direct appeal, again in his state habeas petition, and finally in his appeal to the Supreme Court of Appeals. Id. at 9-10; Dkt. No. 62 at 6-11.

At the evidentiary hearing, Minda refined his position, explaining that he did exhaust the Eighth Amendment portion of this

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN
PART THE REPORT AND RECOMMENDATION [DKT. NO. 61],
DENYING THE PETITIONER'S MOTION FOR DISPOSITION [DKT. NO. 37] AND
MOTION TO HOLD THE PETITION IN ABEYANCE [DKT. NO. 35],
DENYING THE RESPONDENT'S MOTION TO DISMISS [DKT. NO. 36],
GRANTING THE RESPONDENT'S MOTION TO FILE SUPPLEMENTAL EXHIBITS
[DKT. NO. 52], AND DIRECTING THE PETITIONER TO ADVISE THE COURT
HOW HE INTENDS TO PROCEED**

---

claim (Dkt. No. 62 at 6). From a review of the record of that hearing, Ballard appears to concede that Minda has exhausted his Eighth Amendment claim. Id. at 18; 20. The R&R also implied as much (Dkt. No. 61 at 8).

As to his equal protection claim under the Fourteenth Amendment, however, Minda concedes that he did not include "an explicit discussion in any of the pleadings or the briefs or the petitions expressly making that argument" (Dkt. No. 62 at 7). Nonetheless, he argues that the Court should "liberally construe" his petition in order to find that he has exhausted this claim (Dkt. No. 68 at 2).

According to Minda, he exhausted his equal protection claim because, in a February 20, 2014 order, the circuit court noted that he had alleged a violation "of his federal constitutional rights" (Dkt. No. 68 at 2 (citing Dkt. No. 50-1 at 8–9)).

As an initial matter, the portion of the circuit court's order quoted by Minda appears to refer to a <u>state</u> constitutional claim, and not a federal equal protection claim. <u>See</u> Dkt. No. 50-1 at 9

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [DKT. NO. 61], DENYING THE PETITIONER'S MOTION FOR DISPOSITION [DKT. NO. 37] AND MOTION TO HOLD THE PETITION IN ABEYANCE [DKT. NO. 35], DENYING THE RESPONDENT'S MOTION TO DISMISS [DKT. NO. 36], GRANTING THE RESPONDENT'S MOTION TO FILE SUPPLEMENTAL EXHIBITS [DKT. NO. 52], AND DIRECTING THE PETITIONER TO ADVISE THE COURT HOW HE INTENDS TO PROCEED**

(citing the West Virginia Constitution). Even if the quoted language did refer to a federal constitutional claim, however, Minda has failed to fairly present his equal protection claim to the state court. An "[o]blique reference" to the "Constitution" does not establish Minda's Fourteenth Amendment equal protection claim with the required degree of specificity. See Pethtel, 617 F.3d at 306 ("[T]he federal question must be plainly defined."). The Court is unable to ascertain either the operative facts or the controlling legal principles on which Minda relied. Id. It therefore finds that, although Minda exhausted his Eighth Amendment claim, he has failed to fairly present his Fourteenth Amendment equal protection argument to the state court.

### C.    Claim Three

Minda claims that the trial court denied him the right to present a complete defense by refusing to instruct the jury on diminished capacity (Dkt. No. 16 at 11). He alleges that he raised this issue on direct appeal and in his state habeas petition, but that his attorney failed to appeal this issue by "effectively

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [DKT. NO. 61], DENYING THE PETITIONER'S MOTION FOR DISPOSITION [DKT. NO. 37] AND MOTION TO HOLD THE PETITION IN ABEYANCE [DKT. NO. 35], DENYING THE RESPONDENT'S MOTION TO DISMISS [DKT. NO. 36], GRANTING THE RESPONDENT'S MOTION TO FILE SUPPLEMENTAL EXHIBITS [DKT. NO. 52], AND DIRECTING THE PETITIONER TO ADVISE THE COURT HOW HE INTENDS TO PROCEED**

abandoning" him. Id. at 11-13. At the evidentiary hearing, Minda explained that he had presented this argument to the circuit court, but that it was "a little unclear" whether he had appealed the claim to the Supreme Court of Appeals (Dkt. No. 62 at 12).

On November 16, 2005, Minda filed a petition for writ of habeas corpus in the circuit court. Included in that petition was a claim that the trial court had violated his due process and equal protection rights under the United States Constitution by not allowing him to rebut the State's evidence of his crack cocaine use, and by refusing to allow him to present a defense of voluntary intoxication (Dkt. No. 50-4 at 8-9).

While Minda may have presented this claim to the circuit court, he failed to appeal the denial of the claim to the Supreme Court of Appeals. To exhaust state court remedies in West Virginia, a petitioner must seek review by the Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D.W. Va. 1995). Insofar as Minda clearly failed to appeal the denial of this claim to the

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN
PART THE REPORT AND RECOMMENDATION [DKT. NO. 61],
DENYING THE PETITIONER'S MOTION FOR DISPOSITION [DKT. NO. 37] AND
MOTION TO HOLD THE PETITION IN ABEYANCE [DKT. NO. 35],
DENYING THE RESPONDENT'S MOTION TO DISMISS [DKT. NO. 36],
GRANTING THE RESPONDENT'S MOTION TO FILE SUPPLEMENTAL EXHIBITS
[DKT. NO. 52], AND DIRECTING THE PETITIONER TO ADVISE THE COURT
HOW HE INTENDS TO PROCEED**

---

Supreme Court of Appeals, he has failed to exhaust that claim. See
id.

**D. Claim Four**

In his original § 2254 petition, Minda raised a fourth claim,
alleging that the state court had denied him due process of law by
imposing a five-year sentence for being a felon in possession of a
firearm (Dkt. No. 1 at 17). Minda indisputably did not raise this
due process claim on direct appeal or in his state habeas petition
(Dkt. No. 1 at 21; Dkt. No. 62 at 15). He filed a supplemental
memorandum after entirely omitting the fourth claim from his filing
on the court-approved form (Dkt. No. 30). In that memorandum, he
also included allegations that the five-year sentence violated the
prohibition on double jeopardy and his right to an impartial jury
trial. Id. at 11-13. The double jeopardy and jury trial allegations
never appeared in his state court filings until made, together with
the due process claim, in the proceedings on his motion for
correction of an illegal sentence that currently is on review at
the Supreme Court of Appeals (Dkt. No. 50-14, 50-15). Because the

16

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [DKT. NO. 61], DENYING THE PETITIONER'S MOTION FOR DISPOSITION [DKT. NO. 37] AND MOTION TO HOLD THE PETITION IN ABEYANCE [DKT. NO. 35], DENYING THE RESPONDENT'S MOTION TO DISMISS [DKT. NO. 36], GRANTING THE RESPONDENT'S MOTION TO FILE SUPPLEMENTAL EXHIBITS [DKT. NO. 52], AND DIRECTING THE PETITIONER TO ADVISE THE COURT HOW HE INTENDS TO PROCEED**

---

due process, double jeopardy, and jury trial allegations of Minda's fourth claim await final disposition at the state level, the Court finds that Minda has failed to exhaust that claim in its entirety.

After careful review, the Court concludes that Minda has exhausted his first claim and part of his second claim regarding the Eighth Amendment. However, he has failed to exhaust the part of his second claim pertaining to the Fourteenth Amendment, his third claim, and his fourth claim. He therefore has filed a mixed petition.

**II. Stay**

Turning next to whether Minda is entitled to a stay and abeyance under <u>Rhines</u>, the Court notes that it has granted a stay where, in state court, the petitioner presented "the same factual arguments, and indeed the same legal argument" on state grounds, rather than federal grounds. <u>Dilworth v. Markle</u>, No. 1:08CV200, 2010 WL 597491, at *2 (N.D.W. Va. Feb. 10, 2010). Here, however, there is no evidence that Minda presented his federal claims to the state court under the guise of state law (Dkt. No. 1 at 21).

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN PART THE REPORT AND RECOMMENDATION [DKT. NO. 61], DENYING THE PETITIONER'S MOTION FOR DISPOSITION [DKT. NO. 37] AND MOTION TO HOLD THE PETITION IN ABEYANCE [DKT. NO. 35], DENYING THE RESPONDENT'S MOTION TO DISMISS [DKT. NO. 36], GRANTING THE RESPONDENT'S MOTION TO FILE SUPPLEMENTAL EXHIBITS [DKT. NO. 52], AND DIRECTING THE PETITIONER TO ADVISE THE COURT HOW HE INTENDS TO PROCEED**

Magistrates judges in this District also have recommended a stay when there was no indication the petitioner had engaged in dilatory tactics, and, if dismissed, his claim would otherwise be barred under AEDPA's limitation period. Murray v. Perry, No. 3:06CV51, 2007 WL 601494, at *5 (N.D.W. Va. Feb. 22, 2007) (Seibert, M.J.) (issuing a report and recommendation that was not adopted in Murray v. Perry, No. 3:06CV51, 2007 WL 777113, at *1 (N.D.W. Va. Mar. 12, 2007) (Stamp, J.), because the petitioner had died). As noted by Magistrate Judge Seibert in his R&R, Minda would not be barred from re-filing his § 2254 petition after exhausting his state remedies. He should be aware, however, that when the Supreme Court of Appeals decides his motion to correct an illegal sentence, the AEDPA clock will begin ticking again (Dkt. No. 61 at 6, n.1). Given that a "significant portion" of the one-year limitation period under AEDPA has already run, the time in which Minda could re-file his petition would be limited. Id.

Minda's case is similar to others where the Court has denied requests for a stay because the petitioner knew or should have

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN
PART THE REPORT AND RECOMMENDATION [DKT. NO. 61],
DENYING THE PETITIONER'S MOTION FOR DISPOSITION [DKT. NO. 37] AND
MOTION TO HOLD THE PETITION IN ABEYANCE [DKT. NO. 35],
DENYING THE RESPONDENT'S MOTION TO DISMISS [DKT. NO. 36],
GRANTING THE RESPONDENT'S MOTION TO FILE SUPPLEMENTAL EXHIBITS
[DKT. NO. 52], AND DIRECTING THE PETITIONER TO ADVISE THE COURT
HOW HE INTENDS TO PROCEED**

---

known of his unexhausted claims when he filed a state habeas petition. See, e.g., Holmes v. Ballard, No. 3:13CV97, 2014 WL 1516305, at *14 (N.D.W. Va. Apr. 17, 2014) (Groh, J.) (adopting the R&R, which recommended denying a request for stay because the petitioner knew or should have known of his unexhausted claims when he filed his state habeas appeal). Although Minda argues that any delay in this case is not his fault (Dkt. No. 68 at 3), the relevant inquiry is whether he has shown "good cause" for his failure to exhaust. Rhines, 544 U.S. at 278. Minda has not. Even if the West Virginia state courts had promptly adjudicated Minda's claims, his § 2254 petition would still be mixed because he failed to raise part of Claim 2 and Claim 3 in state court.

Therefore, for the reasons discussed, the Court concludes that a stay pursuant to Rhines is inappropriate. Outright dismissal, however, could impede Minda's right to obtain federal relief if he fails to file suit again before the statute of limitation expires. Therefore, before dismissing his petition as recommended in the R&R, the Court will allow Minda to provide notice, within 14 days

19

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN
PART THE REPORT AND RECOMMENDATION [DKT. NO. 61],
DENYING THE PETITIONER'S MOTION FOR DISPOSITION [DKT. NO. 37] AND
MOTION TO HOLD THE PETITION IN ABEYANCE [DKT. NO. 35],
DENYING THE RESPONDENT'S MOTION TO DISMISS [DKT. NO. 36],
GRANTING THE RESPONDENT'S MOTION TO FILE SUPPLEMENTAL EXHIBITS
[DKT. NO. 52], AND DIRECTING THE PETITIONER TO ADVISE THE COURT
HOW HE INTENDS TO PROCEED**

---

of receiving this Memorandum Opinion, whether he wishes to amend his petition to delete his unexhausted claims and proceed on his exhausted claims. <u>Rhines</u>, 544 U.S. at 278.

**CONCLUSION**

For the reasons discussed, the Court **ADOPTS** the R&R insofar as it finds that Minda's claims are unexhausted, but **REJECTS** the recommendation to dismiss the petition outright (Dkt. No. 61). It **DENIES** Minda's motion for disposition (Dkt. No. 37), his motion to hold the petition in abeyance (Dkt. No. 35), Ballard's motion to dismiss (Dkt. No. 36), and **GRANTS** Ballard's motion to file supplemental exhibits (Dkt. No. 52). It **ORDERS** Minda to notify it, within 14 days following receipt of this Opinion, whether he intends to amend his petition to delete any unexhausted claims. If Minda does not respond, the Court **NOTIFIES** him that it will dismiss his mixed petition.

It is so **ORDERED**.

**MEMORANDUM OPINION AND ORDER ADOPTING IN PART AND REJECTING IN
PART THE REPORT AND RECOMMENDATION [DKT. NO. 61],
DENYING THE PETITIONER'S MOTION FOR DISPOSITION [DKT. NO. 37] AND
MOTION TO HOLD THE PETITION IN ABEYANCE [DKT. NO. 35],
DENYING THE RESPONDENT'S MOTION TO DISMISS [DKT. NO. 36],
GRANTING THE RESPONDENT'S MOTION TO FILE SUPPLEMENTAL EXHIBITS
[DKT. NO. 52], AND DIRECTING THE PETITIONER TO ADVISE THE COURT
HOW HE INTENDS TO PROCEED**

---

The Court **DIRECTS** the Clerk to transmit copies of this Order

to counsel of record and the pro se petitioner, by certified mail,

return receipt requested.

DATED:  August 31, 2016.

                                    /s/ Irene M. Keeley
                                    IRENE M. KEELEY
                                    UNITED STATES DISTRICT JUDGE